UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SPENCER NOLLNER, an individual, on behalf of himself and on behalf of all persons similarly situated,

Plaintiff,

v.

AVIDEX INDUSTRIES, L.L.C., a Limited Liability Company; and DOES 1 through 50, inclusive,

Defendant.

Case No.: 3:26-cv-05438-AGS-VET

**ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS PENDING MEDIATION AND TO VACATE EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCES**

**[Dkt. No. 13]**

Before the Court is the parties' Joint Motion to Stay Proceedings Pending Mediation and to Vacate Early Neutral Evaluation and Case Management Conferences ("Joint Motion"). Dkt. No. 13. Therein, the parties request that the Court stay this action pending completion of the parties' private mediation, scheduled for July 20, 2027, and vacate the Early Neutral Evaluation Conference and Case Management Conference ("ENE/CMC") set for November 18, 2026. *Id.* Following review of the Joint Motion and record, and good cause appearing, the Court **GRANTS** the Joint Motion.

## I. BACKGROUND

On August 11, 2026, Plaintiff filed a putative class action complaint against Defendant in the Superior Court of California, County of San Diego, alleging violations of California wage-and-hour laws. Dkt. No. 1-3 at 5. Defendant removed the action to this Court on September 21, 2026 and the Court subsequently set the ENE/CMC for November 18, 2026. Dkt. Nos. 1, 8. On October 9, 2026, Plaintiff filed the operative First Amended Complaint ("FAC"). Dkt. No. 9. On October 23, 2026, Defendant filed its Answer to Plaintiff's FAC. Dkt. No. 11. After agreeing to pursue private mediation, the parties filed the instant Joint Motion. Dkt. No. 13.

## II. LEGAL STANDARD

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In granting a stay, a court weighs "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id.*

In determining whether a stay is appropriate, a federal court considers (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

## III. DISCUSSION

The parties request that the Court (1) stay all proceedings in this action until August 20, 2027, (2) vacate the November 18, 2026 ENE/CMC and all related deadlines, and (3) set a deadline for a Joint Status Report advising the Court of the outcome of the mediation. Dkt. No. 13 at 6–7. The parties assert that a stay will not prejudice either party. *Id.* at 5. The parties also indicate that absent a stay they would need to engage in discovery and

participate in the ENE/CMC "before the information needed to meaningfully evaluate the putative class claims has been exchanged." *Id.* at 6. Such a process "would involve extensive class-wide discovery of policies, payroll and timekeeping records, and electronically stored information." *Id.* Instead, the parties agreed to informally exchange key information and pursue mediation "thereby preserving substantial, and potentially unnecessary, costs." *Id*. The parties further indicate that mediation—if successful—will conserve judicial resources and avoid discovery disputes and motion practice. *Id*. The July 20, 2027 mediation date reflects the availability of the mediator, the parties, and counsel, and provides sufficient time for the parties to exchange and analyze meaningful information. *Id*.

Because neither party opposes the stay and both agree it will not prejudice either side (*id.* at 5), no damage will result from a stay. Further, absent a stay, the parties will need to engage in formal discovery, including taking depositions, and promptly address discovery disputes that may require motion practice. Permitting the parties to engage in private mediation and prepare through the informal exchange of information will permit the parties to save valuable resources and potentially avoid costly discovery and motion practice. Moreover, a stay promotes the interests of judicial economy and efficiency as the case may settle at the private mediation, thus minimizing the expenditure of judicial resources. Therefore, the Court concludes that a stay is appropriate.

However, the Court cautions the parties that it expects the parties to engage in a meaningful exchange of information in advance of the mediation. If the mediation is not successful, the Court fully expects the parties to be in a position to launch into discovery right away and, based on the prior informal exchange of information, already possess a great deal of the information needed to advance their claims/defenses, minimizing the need for a lengthy discovery period.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court **GRANTS** the Joint Motion and **ORDERS** as follows:

1. This action is **STAYED** until July 27, 2027, including responding to any outstanding written discovery;

2. The November 18, 2026 ENE/CMC and all related deadlines are **VACATED**;

3. The parties **SHALL** file a Joint Status Report on or before August 2, 2027 advising the Court of the outcome of the mediation.

**IT IS SO ORDERED**.

Dated: November 12, 2026

Hon. Valerie E. Torres
United States Magistrate Judge